**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>AGHEE WILLIAM SMITH, II and<br>SUSAN BLAIR SMITH,<br><br>             Debtors.<br>_____<br>KIMBERLY J. HUSTED, Chapter 7<br>trustee,<br><br>             Plaintiff,<br><br>v.<br><br>AGHEE WILLIAM SMITH, II and<br>SUSAN BLAIR SMITH,<br><br>             Defendants.<br>_____ | Case No. 19-25091-C-7<br><br><br><br><br><br><br><br>Adv. Proc. No. 20-02034-C |

**MEMORANDUM DECISION REGARDING SCHEDULING AND STAY**
**OF ADVERSARY PROCEEDING**

    This is an adversary proceeding prosecuted by the chapter 7 trustee objecting to the discharge of the debtors.

    The initial pretrial conference was held May 27, 2020, pursuant to Federal Rule of Civil Procedure 16, as incorporated by Federal Rule of Bankruptcy Procedure 7016(a), for purposes of, establishing a scheduling order, expediting disposition of the action, establishing early and continuing control of the action, and discouraging wasteful activities and delays.

    Gabriel P. Herrera of Kronick, Moskovitz, Tiedeman & Girard appeared as counsel to the plaintiff chapter 7 trustee, Kimberly J. Husted.

The defendant chapter 7 debtors Aghee William Smith, II, and Susan Blair Smith each appeared self-represented. They have counsel in the main bankuptcy case, but that attorney is not representing them in this adversary proceeding.

## Procedural History

The Complaint Objecting to Debtors' Discharge was filed March 31, 2020 (Dkt. #1), asserting four counts under 11 U.S.C. § 727(a):

> Count One: 11 U.S.C. § 727(a)(3) – the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
> Count Two: 11 U.S.C. § 727(a)(4)(A) – the debtor knowingly and fraudulent, in or in connection with the case — (A) made a false oath or account;
>
> Count Three: 11 U.S.C. § 727(a)(4)(D) — the debtor knowingly and fraudulently, in or in connection with the case — withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> Count Four: 11 U.S.C. § 727(a)(5) — the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets

or deficiency of assets to meet the debtor's liabilities.

The defendant debtors jointly filed an Answer on May 1, 2020. Dkt. #9. They admit the allegation that this is a "core proceeding" and deny "each and every other allegation."

In the Answer, the debtors requested a stay of this adversary proceeding until after disposition of criminal proceedings against Aghee William Smith, II.

The plaintiff filed a Proposed Discovery Plan that proposes: (1) Rule 26 disclosures no later than June 10, 2020, with supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(e); (2) discovery deadline no later than September 21, 2020; (3) dispositive motions no later than October 19, 2020; and (4) disclosure of expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2). Dkt. #7.

The defendants did not participate in a discovery conference and adhere to their request for a stay of this adversary proceeding.

### The Criminal Case

The Complaint does refer to the federal indictment of Aghee William Smith, II for Conspiracy to Commit Mail and Wire Fraud and for Wire Fraud. Although the debtors' Statement of Financial Affairs refers to a "pending" criminal case as "USA v. Smith, 2:19-MJ-00055-AC, U.S. Dist. Ct., E.D. Cal., other papers in the main bankruptcy case file indicate that the actual prosecution is proceeding in the Eastern District of Virginia as Case No. 2:19-cr-00047-RAJ-LRL-3, that trial was originally set to commence

January 21, 2020, and last three to four weeks.

Defendant Aghee William Smith, II in his oral presentation on May 27, 2020, in support of his request for a stay reported that trial in the Eastern District of Virginia is now scheduled to commence November 2, 2020.

The general allegations in the Complaint Objecting to Debtors' Discharge refer to what is described as a fraudulent business involving offering financial services to clients and to a role in investment vehicles that led to charges by the U.S. Securities and Exchange Commission, a Desist and Refrain Order by the California Department of Business Oversight, and, eventually to the federal prosecution.

The debtors' initial Schedules E/F filed with the petition commencing this chapter 7 case identify 142 creditors, the majority of which (more than 100) are listed as "possible claim from investment activity" in amounts said to be "unknown."

There are 55 filed proofs of claim in the chapter 7 case, totaling in excess of $5.25 million.

### The Request for Stay

This court construes the second and third paragraphs of the self-represented defendants' Answer as a Motion for Stay on account of the pending criminal prosecution.

The question of a stay was addressed during the oral proceedings on May 27, 2020. Defendant Aghee William Smith, II urged a stay of the entire adversary proceeding. He indicated that he would be invoking his Fifth Amendment privilege regarding self-incrimination, which he previously invoked at several points

during sessions of the Meeting of Creditors mandated by 11 U.S.C. § 341.

Plaintiff's counsel asserted that little or no discovery would need to be obtained and that proceeding with the adversary proceeding would not impair the defense in the criminal case and that there would be no risk of offending the self-incrimination privilege.

The overlap between criminal and civil, including bankruptcy, litigation generally presents delicate issues regarding fairness in criminal procedure. Civil discovery, for example, is not an appropriate circumvention of criminal discovery procedure.

Accordingly, this court is inclined to stay bankruptcy adversary proceedings to the extent that the defense in a criminal case could be impeded.

Nevertheless, the management of civil litigation when related criminal Mail Fraud or Wire Fraud proceedings are pending is a matter committed to the sound discretion of the civil trial court.

Scrutiny of the counts in the Complaint Objecting to Debtors' Discharge reveals that the essential elements probative of Count One turn on objective factors not involving specific intent and that pose little risk of self-incrimination regarding the pending Mail Fraud and Wire Fraud prosecution. It is even plausible that summary judgment will be sought as to that count.

In contrast, the other counts could affect the prosecution. Counts Two and Three, both of which have as essential elements that the debtors acted "knowingly and fraudulently," would risk

straying into the realm of information that might be pertinent to the pending Wire Fraud prosecution in a manner that could raise self-incrimination concerns. And, the premise of Count Four is the failure to explain loss or deficiency of the assets that are alleged to have been acquired in connection with the conduct at issue in the pending prosecution.

### Self-Incrimination Privilege

Part of the defendants' request for stay included in their Answer is the statement: "We assert our 5th amendment right on advi[c]e of counsel."

As to Count One cause of action to deny discharge on account of alleged destruction of "recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained" that is the core of the cause of action under § 727(a)(3), the Fifth Amendment privilege appears to have been lost by the debtors' testimony at the November 6, 2019, meeting of creditors.

The allegations in paragraph 20 of the Complaint include quotations from the November 6, 2019, testimony at that session of the meeting of creditors, at which the debtors were represented by counsel:

> 20. At the Debtors' continued 341 meeting of creditors, on November 6, 2019, the Trustee requested information related to a part-time assistant that the Debtors were paying on a regular basis. Upon further questioning by the Trustee, Smith explained that the part-time assistant would, among other things, assist with organizing "files" at the Debtors'

|   |   |
|---|---|
| 1 | home office.  Given that the Debtors testified that they did |
| 2 | not maintain business records and left the record-keeping to |
| 3 | others, the Trustee pressed for further information related |
| 4 | to the "files" that were organized by the part-time |
| 5 | assistant.  In response, Smith stated that there were no |
| 6 | longer any "files."  He stated that "when the creditors came |
| 7 | after me, I joyfully shredded them … and I would do the same |
| 8 | thing again."  Smith also could not provide information as |
| 9 | to the location of source documentation that would |
| 10 | demonstrate why he was paid for certain services, including |
| 11 | documentation from Sill and Associates.  He also advised |
| 12 | that he originated the invoices but did not maintain |
| 13 | possession of the invoices – the documents were "shredded." |

Complaint Objecting to Debtors' Discharge, ¶ 20.

Assuming that the quotations from testimony at the meeting of creditors are accurate (which will need to be confirmed by an official transcript of that testimony), Mr. Smith's statement, "when the creditors came after me, I joyfully shredded them … and I would do the same thing again," appears to operate as a loss of his self-incrimination privilege regarding destruction of recorded information.

By testifying under oath at the statutorily-mandated meeting of creditors without invoking the self-incrimination privilege, one may "lose" the privilege. Minnesota v. Murphy, 465 U.S. 419, 426-429 (1984); Garner v. United States, 424 U.S. 648, 654 n.9 (1976); cf. McCarthy v. Arndstein, 266 U.S. 34, 41-42 (1924); KENNETH N. KLEE, BANKRUPTCY & THE SUPREME COURT, 133-35 (2008).

It is also pertinent that the instant adversary proceeding is a civil action, not a criminal proceeding, in which the question is whether to deny a discharge in bankruptcy.

### Separate Trial

Considerations of judicial economy and of prudential deference to related criminal proceedings warrant invocation of the court's discretionary power to bifurcate and order separate trial of Count One.  Fed. R. Civ. P. 42(b), incorporated by Fed. R. Bankr. P. 7042.

Hence, orders will be issued bifurcating the adversary proceeding so as to permit the action to progress to and through separate trial of Count One, staying further proceedings addressed to Counts Two, Three, and Four, scheduling further proceedings.

Dated: June 06, 2020

_____
United States Bankruptcy Judge

- 8 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Gabriel P. Herrera
400 Capitol Mall 27th Fl
Sacramento, CA 95814

Aghee William Smith, II
3088 Big Bear Dr.
Roseville, CA 95747

Susan Blair Smith
3088 Big Bear Dr.
Roseville, CA 95747