**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

In re:                              )
                                    )
AGHEE WILLIAM SMITH II and          )   Case No. 19-25091-C-7
                                    )
SUSAN BLAIR SMITH,                  )
                         Debtors.   )
_____    )
                                    )
KIMBERLEY J. HUSTED, Chapter 7      )   Adv. Pro. No. 20-2034-C
Trustee,                            )
                         Plaintiff, )
v.                                  )
                                    )
AGHEE WILLIAM SMITH II and          )
                                    )
SUSAN BLAIR SMITH,                  )
                       Defendants.  )
_____    )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The Chapter 7 trustee objects to discharge of the joint debtors Aghee William Smith II (aka "Bill Smith" and "A.W. Smith") and Susan Blair Smith under 11 U.S.C. § 727(a)(3) on the theory that they, without justification under all of the circumstances of the case, concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which their financial condition or business transactions might be ascertained.


Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(b).  Objections to discharge are core proceedings.  28 U.S.C. § 157(b)(2)(J).  To the extent the dispute, or any portion thereof, ever is deemed

not to be a core proceeding the parties are nevertheless agreed
that it may be heard and determined by a Bankruptcy Judge.

Procedural History

This court bifurcated the four-count adversary proceeding on
the authority of Federal Rule of Civil Procedure 42(b), as
incorporated by Federal Rule of Bankruptcy Procedure 7042, and
exercised its discretion to order separate trial of Count One,
objecting to discharge under § 727(a)(3).

The remainder of the adversary proceeding, consisting of
counts under § 727(a)(4)(A), § 727(a)(4)(D), and § 727(a)(5), has
been stayed until after completion of the pending criminal
prosecution of Aghee William Smith II and others for Conspiracy
to Commit Mail and Wire Fraud, Wire Fraud, Conspiracy to Launder
Monetary Instruments, Unlawful Monetary Transactions, and
Criminal Forfeiture in the Eastern District of Virginia as Case
No. 2:19-cr-00047-RAJ-LRL-3 (filed March 21, 2019).

The rationale for separate trial was that the count under
§ 727(a)(3) exclusively involves events relating to this Chapter
7 case, including voluntary testimony at the meeting of creditors
on November 6, 2019, with respect to which the Fifth Amendment
privilege against self-incrimination has been lost for purposes
of this Chapter 7 case.

On September 20, 2020, Aghee William Smith II executed a
waiver of discharge pursuant to 11 U.S.C. § 727(a)(10), which
waiver was approved by this court on September 23, 2020.  Waiver
of Discharge & Order Approving Waiver of Discharge, Case No. 19-
25091, Dkt. ## 89 & 91.

By stipulation filed September 21, 2020, the parties agreed: (1) "that the Trustee has met her burden establishing that the Trustee was not presented with sufficient written evidence to enable the Trustee to reasonably ascertain the Debtors' present financial condition or business transactions"; (2) that the "sole issue to be tried is whether Mrs. Smith  was an innocent spouse such that her failure to keep and preserve adequate business records was justified"; and (3) that all exhibits lodged with the court pursuant to its pretrial order are admitted in evidence. Stipulation Regarding Trial, Adv. No. 20-02034, Dkt. # 24.

The separate trial was held on September 28, 2020, by Zoom hearing at which Mrs. Smith testified.

<u>Findings of Fact</u>

The defendant joint debtors Aghee William Smith II (aka "Bill Smith" and "A.W. Smith") and Susan Blair Smith are citizens of California who filed this chapter 7 case No. 19-25091-C-7 on August 13, 2019, after having obtained the requisite credit counseling on May 16, 2019.

Plaintiff Kimberly J. Husted serves as the Chapter 7 trustee.

At the time of filing and of the credit counseling, Mr. Smith was under indictment for Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Conspiracy to Launder Monetary Instruments, Unlawful Monetary Transactions, and Criminal Forfeiture in the Eastern District of Virginia as Case No. 2:19-cr-00047-RAJ-LRL-3 (filed March 21, 2019).

The debtors' initial Schedules E/F filed with the petition commencing this chapter 7 case identify 142 creditors, the majority of which (more than 100) are listed as "possible claim from investment activity" in amounts said to be "disputed" and "unknown" in amount, all of which are described as "community claims" and as claims owed by both debtors. No listed creditor is said to have a claim incurred solely by Mr. Smith or by Mrs. Smith. Petition, Schedules E/F, No. 19-25091-C-7.

The 56 filed claims in the case total more than $5.25 million.

In their Schedules A/B, the Smiths stated that they had two businesses: (1) American Estate & Insurance Services, Inc.; and (2) a sole proprietorship quilting business. Petition, Schedules A/B, Item 19, No. 19-25091-C-7.

The stipulation that "the Trustee was not presented with sufficient written evidence to enable the Trustee to reasonably ascertain the Debtors' present financial condition or business transactions" operates to confirm as fact the accuracy of ¶ 20 of the Complaint describing Mr. Smith's testimony at a § 341 Meeting of Creditors on November 6, 2019:

> Given that the Debtors testified that they did not maintain business records and left the record-keeping to others, the Trustee pressed for further information related to the "files" that were organized by the part-time assistant. In response, [Mr.] Smith stated that there were no longer any "files." He stated that "when the creditors came after me, I joyfully shredded them... and I would do the same thing again." Smith also could not provide information as to the location of source documentation that would demonstrate why he was paid for certain services, including documentation from Sill and Associates. He also advised that he originated the invoices but did not maintain possession of the invoices — the documents were "shredded."

Complaint, ¶ 20 (emphasis in original).

The primary business of Mr. Smith was insurance sales. He operated primarily through American Estate Insurance Services, Inc., which also used the name A.W. Smith & Associates ("AEIS").

AEIS is a corporation wholly owned by Mr. and Mrs. Smith. As relevant here, Mrs. Smith owns 50% of AEIS. Tax Form K-1s are regularly issued to Mrs. Smith on account of her 50% ownership of AEIS.

Mrs. Smith's primary role at AEIS was that she paid the AEIS bills, both electronically and by check.

Mrs. Smith regarded her primary role as keeping bank accounts straight. She signed tax returns for AEIS but left their preparation to Mr. Smith and her daughter, in conjunction with a certified public accountant. Mrs. Smith regarded keeping business records as Mr. Smith's job.

AEIS had both a public office and an office in the Smith home with a private entrance. Mrs. Smith has met only a few AEIS clients.

Mrs. Smith graduated from high school and attended Brigham Young University. Although her primary role in the family has been domestic in nature, she has participated in AEIS.

For the past six years, Mrs. Smith has also focused on her quilting business, which has a separate room in the family residence, and on family care as a Smith child has a serious, incurable medical condition.

## Conclusions of Law

It is conceded by Mr. and Mrs. Smith that they did not keep or preserve recorded information, including books, documents,

records, and papers, from which the debtors' financial condition or business transactions might be ascertained. 11 U.S.C. § 727(a)(3).

Having made that concession, Mr. Smith waived his discharge pursuant to 11 U.S.C. § 727(a)(10).

I

The question remaining to be decided regarding Mrs. Smith is whether the failure to preserve recorded information was "justified under all of the circumstances of the case" as required by § 727(a)(3).

II

The structure of § 727(a)(3) results in two distinct questions, with different allocations of burdens of proof.[1]

The plaintiff trustee had the burden of persuasion and correlative risk of nonpersuasion on the § 727(a)(3) question whether there is adequate recorded information from which financial condition or business transactions might be ascertained. That burden was satisfied when Mr. and Mrs. Smith stipulated that there is not such adequate recorded information.

The defendant debtors thereupon have the burden of persuasion and correlative risk of nonpersuasion on the § 727(a)(3) question whether the lack of such records was "justified under all of the circumstances of the case."

---

[1] On burdens see 21B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5122 (2d ed. 2020)(burdens of production, persuasion, and proof).

1    That burden to establish that the lack of adequate records
2    was justified under all the circumstances of the case falls upon
3    Mrs. Smith, as Mr. Smith has waived discharge.  Hence, Mrs. Smith
4    bears the burden of persuasion and correlative risk of
5    nonpersuasion on that question.

6
7                                III
8        The theory of her defense to the objection to discharge as
9    joint debtor is that Mrs. Smith is an "innocent spouse" in a
10   traditional husband-wife situation in which she served a
11   subservient role with no real management duties.

12
13                                 A
14       While "innocent spouse" is recognized as a basis for
15   equitable relief in tax collection disputes, it is not clear that
16   it is similarly recognized as a defense in bankruptcy cases
17   generally, and in community property situations in particular.
18   26 U.S.C. § 6015 (tax); 26 C.F.R. § 1.6015 (2020)(tax); Joann
19   Henderson, For Better or For Worse: Liability of Community
20   Property After Bankruptcy, 29 Idaho L. Rev. 893, 897-902 (1992).
21       Mrs. Smith has cited no § 727(a)(3) case in which an
22   "innocent spouse" defense has figured.
23       There is, however, authority that the fraudulent intent of
24   one spouse should not be attributed to the other spouse solely on
25   account of marriage for purposes of excepting a debt from
26   discharge.  E.g., Tusrukawa v. Nikon Precision, Inc. (In re
27   Tsurukawa), 258 B.R. 192, 198 (9th Cir. BAP 2001).
28

However, spouses engaged together in business may be agents of each other.  Tsurukawa, 258 B.R. at 198; Lawrence Ponoroff, Vicarious Thrills: The Case for Application of Agency Rules in Bankruptcy Dischargeability Litigation, 70 Tul. L. Rev. 2515, 2552 (1996).

For purposes of denial of discharge under § 727(a), it would be sufficient to impute, as fact, the actual fraudulent intent of one spouse in diverting funds from a business to the other spouse where the other spouse fills out daily cash receipts reports, benefits from the prohibited activities, and possibly knows about them.  First Texas Savings Ass'n, Inc. v. Reed (In re Reed), 700 F.2d 986, 993 (5th Cir. 1983) (§ 727(a)(2)); Accord, Ruiz v. Kennedy (In re Kennedy), 566 B.R. 690, 724-26 (Bankr. D.N.J. 2017).

Under § 727(a)(3), intent is not a factor.  Hence, transferred or vicarious intent is not pertinent.


B

The determinative analysis, rather than the intent of Mrs. Smith, is whether the failure of Mr. and Mrs. Smith to keep the requisite records from which their financial condition or business transactions could be determined was justified under all the circumstances of the case.

Here, Mrs. Smith was a 50% owner of AEIS.  She regularly paid its bills.  She transferred funds from the AEIS account to the household account to enable payment of household bills.  She received Tax Forms K-1.  She signed tax returns.

1  Mrs. Smith also has been operating a community property
2  quilting business for the past six years.
3  The experience of Mrs. Smith in AEIS, coupled with her
4  quilting business, means that she is chargeable with knowledge of
5  the ABC's of business, including the obligation to maintain
6  records.
7  It is not plausible that Mrs. Smith could have believed that
8  it was not necessary to maintain business records for the
9  business of which she was 50% owner and the person who paid its
10  bills.  At a minimum, there is always the possibility of a tax
11  audit.
12  All of the assets and all of the debts in this case are
13  designated as "community" assets and debts, from which it follows
14  that Mrs. Smith has no separate assets and no separate debts.  In
15  other words, Mr. and Mrs. Smith were an entirely integrated
16  economic unit.
17  The mere assertion of innocence, in light of her
18  participation in the business of AEIS, her 50% ownership of AEIS,
19  her transfers of AEIS funds to pay household accounts, and her
20  quilting business, does not suffice as justification "under all
21  the circumstances" of the case for the failure to maintain
22  records.
23
24  Conclusion
25  Mrs. Smith has the burden of persuasion on the question of
26  justification under all the circumstances of the case and has not
27  carried that burden.
28

9

1      Accordingly, a separate judgment will be entered denying the

2  discharge of Mrs. Smith pursuant to § 727(a)(3).

4  Dated: October 19, 2020

United States Bankruptcy Judge

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Gabriel P. Herrera
400 Capitol Mall 27th Fl
Sacramento, CA 95814

David Ashley Smyth
3478 Buskirk Ave., #1000
Pleasant Hill, CA 94523